## WALKER v. UNITED STATES.

(District Court, E. D. Pennsylvania. February 24, 1906.)

### No. 1.

CONTRACTS—CONSTRUCTION BY PARTIES—ESTOPPEL.

Plaintiff contracted to furnish to the United States three wood-turning lathes for use at a navy yard. Being apparently in doubt as to the meaning of one part of the specifications he wrote the naval constructor, and was informed specifically as to the requirement and afterward delivered the lathes in conformity therewith, without objection, and also signed a voucher for the contract price. *Held*, that, conceding the contract to have been ambiguous, he was bound by the construction placed thereon by the government and on which he acted in performing it, and could not thereafter insist on a different construction and recover an additional sum, on the ground that the lathes furnished were more expensive than those required thereby.

At Law. Trial by the court without a jury.

Edward A. Waters, for plaintiff.

J. Whitaker Thompson and William M. Stewart, Jr., for the United States.

J. B. McPHERSON, District Judge. This suit was brought under Act March 3, 1887, c. 359, 24 Stat. 505, 1 Supp. Rev. St. 559 [U. S. Comp. St. 1901, p. 752], to recover the sum of $500, which the plaintiff avers to be due him from the United States upon the following state of facts: In June, 1898, he submitted a proposal to fur-

nish three wood-turning lathes with certain fittings, for use in the Brooklyn navy yard, at the price of $300. Each lathe was "to swing 22 inches in diameter," and the present dispute turns upon the meaning of this clause. The plaintiff himself was apparently in doubt about its meaning, for, on August 9th, he wrote a letter upon the subject to the naval constructor at the yard, who replied on August 10th, as follows:

"Referring to your letter of the 9th inst., I respectfully request you to forward the three sets of wood lathe fittings as per specification, for 22-inch swing; that is, the largest diameter of work to be turned will be 22 inches outside diameter, and the fittings will be so constructed as to make it possible to turn that size."

No written contract was ever executed, although the plaintiff's proposal was duly accepted and the lathes were delivered on October 27th, were inspected, accepted, and put into use. After they had been received, the authorities at the yard, in December, 1898, for the purpose of complying with official requirements, prepared an open-purchase voucher, in which the lathes were referred to as having been bought for $300, and this voucher the plaintiff receipted in full. An action by the United States upon another claim was pending against him at the time, and, as the amount claimed in that suit by the government was deducted from the $300 due for the lathes, he refused to accept payment of the difference, and therefore no part of the $300 has ever been paid. The other suit has now been fully settled. The plaintiff's contention is that the letter of the naval constructor modified his contract, and required him to furnish larger machines than those described in his proposal, and for these machines he asks to be paid $500.

I am unable to sustain his position. Assuming that the contract was ambiguous—the testimony concerning the proper meaning of the clause in question is not very satisfactory—the ambiguity was removed by the letter of August 10th, which gave the plaintiff distinct notice of what the government understood by "22 inches swing," and if he did not agree with this construction, he was bound to speak at once, and to refuse compliance with what he believed to be an unwarranted demand. Instead of insisting upon his own view, however, he accepted the government's construction of the proposal, delivered the machines described in the naval constructor's letter, and signed a voucher in which he receipted for $300, in full of a bill in which the lathes are charged at $100 each. After all this, it seems to me that the plaintiff cannot afterwards change his attitude, but is bound by the construction of his proposal, to which he assented by unmistakable act and writing.

He is entitled to recover no more than $300, without interest; and for this sum a judgment may be entered.